15-1584(L)
*Avila v. Riexinger & Associates, LLC*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

————————————

August Term, 2015

(Argued: December 9, 2015                    Decided: March 22, 2016)

Docket Nos. 15-1584(L), 15-1597(Con)

————————————

ANNMARIE AVILA, an individual; on behalf of herself and all others similarly situated, SARA ELROD, an individual; on behalf of herself and all others similarly situated,

*Plaintiffs-Appellants,*

v.

RIEXINGER & ASSOCIATES, LLC, a Georgia Limited Liability Company, CROWN ASSET MANAGEMENT, LLC, a Georgia Limited Liability Company, STEPHEN P. RIEXINGER, an individual and in his official capacity, JOHN AND JANE DOES, NUMBERS 1 THROUGH 25, BUREAUS INVESTMENT GROUP PORTFOLIO NO.15, LLC, an Illinois Limited Liability Company,

*Defendants-Appellees.*[1]

————————————

Before: CALABRESI, POOLER, and LYNCH, *Circuit Judges*.

---

[1] The Clerk of Court is respectfully directed to amend the official caption to conform with the caption above.

Appeal from an April 14, 2015 judgment of the United States District Court for the Eastern District of New York (Dearie, *J.*), dismissing plaintiffs' claims under the Fair Debt Collection Practices Act ("FDCPA"). In this opinion, we address the district court's dismissal of plaintiffs' claim that defendants violated the FDCPA by sending plaintiffs a collection notice stating their "current balance" without disclosing that the balance might increase over time due to interest and fees. We hold that Section 1692e of the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees. Because plaintiffs allege that defendants failed to disclose that information here, they have stated a claim under the FDCPA. Accordingly, we vacate the dismissal of this claim and remand for further proceedings consistent with this opinion. In a summary order issued simultaneously with this opinion, we affirm the district court's dismissal of plaintiffs' other claims.

Affirmed in part, vacated in part, and remanded.

_____

PHILIP D. STERN (Adam T. Thomasson, *on the brief*), Stern Thomasson LLP, Union, NJ, *for Plaintiffs-Appellants*.

WILLIAM G. BALLAINE (Jennifer Ramme, *on the brief*), Landman Corsi Ballaine & Ford P.C., New York, NY, *for Defendants-Appellees*.

POOLER, *Circuit Judge*:

The Fair Debt Collection Practices Act ("FDCPA") prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The question presented is whether a collection notice that states a consumer's "current balance," but does not disclose that the balance may increase due to interest and fees, complies with this provision. We hold that Section 1692e requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees.

## BACKGROUND

Plaintiffs Annmarie Avila and Sara Elrod both received collection notices from defendant Riexinger & Associates, LLC. The notices stated that plaintiffs' accounts had been "placed with [the firm] for collection and such action as necessary." App'x at 59, 109. The notices stated each plaintiff's "current balance" but did not disclose that this balance was continuing to accrue interest or that, if

plaintiffs failed to pay the debt within a certain amount of time, they would be charged a late fee. The bottom of the notices contained a detachable section for plaintiffs to provide their credit card information to pay the debt. On Avila's notice, this section again stated her "current balance."

Plaintiffs filed this lawsuit, alleging that the collection notices violated the FDCPA. They claimed, among other things, that the collection notices were misleading because they stated the "current balance," but did not disclose that the balance might increase due to interest and fees. They alleged that they believed from reading the notice that the "current balance" was "static" and that their "payment of that amount would satisfy [the debt] irrespective of when [the] payment was remitted." App'x at 31, 100. Avila alleges that in fact interest was accruing daily at a rate equivalent to 500% per year and that defendants have tried to collect this interest from her.

Defendants moved to dismiss the complaint, and the district court granted the motion. The court recognized that district courts are divided on the question whether a debt collector must disclose that the amount of the debt will increase over time due to interest or fees. *Compare, e.g.*, *Jones v. Midland Funding, LLC*, 755 F. Supp. 2d 393, 397-98 (D. Conn. 2010) (requiring debt collectors to disclose the

4

fact that interest is accruing and inform consumers of the applicable interest rate), *adhered to on reconsideration,* No. 3:08-CV-802 RNC, 2012 WL 1204716 (D. Conn. Apr. 11, 2012), *and Dragon v. I.C. Sys., Inc.,* 483 F. Supp. 2d 198, 203 (D. Conn. 2007) (holding that collection notice was potentially misleading because least sophisticated consumer could conclude that total amount stated as due was due at any time, when in fact it was increasing), *with Pifko v. CCB Credit Servs., Inc.,* No. 09-CV-3057 (JS), 2010 WL 2771832, at *4 (E.D.N.Y. July 7, 2010) (holding that debt collectors have no obligation to warn a consumer that her debt may increase over time), *and Adlam v. FMS, Inc.,* No. 09 CIV. 9129 (SAS), 2010 WL 1328958, at *3-4 (S.D.N.Y. Apr. 5, 2010) (same); *see also Marucci v. Cawley & Bergmann, LLP*, 66 F. Supp. 3d 559, 565-66 (D.N.J. 2014) (collecting cases). The district court sided with those courts that have held that no disclosures about interest or fees are required. Plaintiffs now appeal from the district court's judgment granting the motion to dismiss.

## DISCUSSION

As noted, Section 1692e of the FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The sixteen

5

subsections of Section 1692e set forth a non-exhaustive list of practices that fall within this ban, including "the false representation of the character, amount, or legal status of any debt," *id.* § 1692e(2)(A). "Because the list in the sixteen subsections is non-exhaustive, a debt collection practice can be a 'false, deceptive, or misleading' practice in violation of § 1692e even if it does not fall within any of the subsections of § 1692e." *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993).

The question presented is whether the sending of a collection notice that states a consumer's "current balance," but does not disclose that the balance may increase due to interest and fees, is a "false, misleading, or deceptive" practice prohibited by Section 1692e. In considering this question, we are guided by two principles of statutory construction.

The first principle is that, because the FDCPA is "primarily a consumer protection statute," *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 95 (2d Cir. 2008), we must construe its terms "in liberal fashion [to achieve] the underlying Congressional purpose." *Vincent v. The Money Store*, 736 F.3d 88, 98 (2d Cir. 2013) (quoting *N. C. Freed Co. v. Bd. of Governors of Fed. Reserve Sys.*, 473 F.2d 1210, 1214 (2d Cir. 1973)). That purpose is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using

6

abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). "[W]e have consistently interpreted the statute with [these] congressional object[s] in mind." *Jacobson*, 516 F.3d at 95 (citing *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33-34 (2d Cir. 1996); *Clomon*, 988 F.2d at 1318-20).

The second principle is that, in considering whether a collection notice violates Section 1692e, we apply the "least sophisticated consumer" standard. *Clomon*, 988 F.2d at 1318. In other words, we ask how the least sophisticated consumer—"one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer"—would understand the collection notice. *Russell*, 74 F.3d at 34. Under this standard, a collection notice can be misleading if it is "open to more than one reasonable interpretation, at least one of which is inaccurate." *Clomon*, 988 F.2d at 1319.

Applying these principles, we hold that plaintiffs have stated a claim that the collection notices at issue here are misleading within the meaning of Section 1692e. A reasonable consumer could read the notice and be misled into believing that she could pay her debt in full by paying the amount listed on the notice. In fact, however, if interest is accruing daily, or if there are undisclosed late fees, a

7

consumer who pays the "current balance" stated on the notice will not know whether the debt has been paid in full. The debt collector could still seek the interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.

Because the statement of an amount due, without notice that the amount is already increasing due to accruing interest or other charges, can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account, we hold that the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees. We think that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as plaintiffs who may hold the reasonable but mistaken belief that timely payment will satisfy their debts.

In reaching the contrary conclusion, the district court noted, first, that another section of the FDCPA—Section 1692g—requires disclosure only of "the amount of the debt," not the amount of the debt plus whatever interest and fees

8

may accumulate in the future. *See* 15 U.S.C. § 1692g(a)(1). But Section 1692g concerns only the disclosures related to a consumer's need to verify a debt, not the more general disclosures that may be necessary under Section 1692e to ensure that a collection notice is not misleading. The two sections have different aims, and compliance with Section 1692g does not guarantee compliance with Section 1692e, which always applies in connection with the collection of any debt by a debt collector. We do not conclude that Congress's requiring debt collectors to state "the amount of the debt" in Section 1692g evinces Congressional approval of sending collection notices that lack disclosures about accruing interest and fees.

The district court also expressed a concern that requiring debt collectors to disclose this information might lead to more abusive practices, as debt collectors could use the threat of interest and fees to coerce consumers into paying their debts. This is a legitimate concern. To alleviate it, we adopt the "safe harbor" approach adopted by the Seventh Circuit in *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872 (7th Cir. 2000).

In *Miller*, the collection notice stated the consumer's "unpaid principal balance," but added that this amount did not include unpaid interest and fees. *Id.*

9

at 875. The *Miller* court held that the notice violated Section 1692g(a)(1), which, as noted, requires debt collectors to state "the amount of the debt." The court reasoned that the unpaid principal balance was not the "debt" and that the statute requires that debt collectors state "the total amount due—interest and other charges as well as principal—on the date the [collection notice] was sent." *Id.* at 875-76.

To minimize litigation under the FDCPA, the *Miller* court fashioned a "safe harbor" formula for complying with Section 1692g(a)(1). The court held that the following statement would satisfy a debt collector's duty to state the amount of debt in cases where the amount varies from day to day:

> As of the date of this letter, you owe $___ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1–800– [phone number].

*Id.* at 876. The court held that a debt collector who used this form would not violate the "amount of the debt" provision, "provided, of course, that the information [the debt collector] furnishes is accurate and [the debt collector] does

10

not obscure it by adding confusing other information (or misinformation)." *Id.* The court did not require debt collectors to use the safe harbor provision, but held only that if the debt collector does (and does not add other words that confuse the message), it will have discharged its duty as a matter of law to state clearly the amount due. *Id.*

We hold that a debt collector will not be subject to liability under Section 1692e for failing to disclose that the consumer's balance may increase due to interest and fees if the collection notice either accurately informs the consumer that the amount of the debt stated in the letter will increase over time, or clearly states that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date. Like the *Miller* court, we do not hold that a debt collector must use any particular disclaimer. Using the language set forth in *Miller* will qualify for safe-harbor treatment, as would the language suggested in *Jones*, 755 F. Supp. 2d at 397 n.7, which may be preferable to the extent it advises the consumer of the specific rate of increase in the debt over time.[2] Moreover, a debt collector who is willing to accept a

---

[2] The *Jones* court's proposed language was: "As of today, [date], you owe $——. This amount consists of a principal of $——, accrued interest of $——, and fees

specified amount in full satisfaction of the debt if payment is made by a specific date could considerably simplify the consumer's understanding by so stating, while advising that the amount due would increase by the accrual of additional interest or fees if payment is not received by that date.

The collection notices at issue here stated only the "current balance" but did not disclose that the balance might increase due to interest and fees. Thus, Plaintiffs have stated a claim that these notices were "misleading" within the meaning of Section 1692e. The district court's dismissal of this claim is vacated, and we remand for further proceedings consistent with this opinion.

**CONCLUSION**

For the foregoing reasons, we VACATE the judgment of the district court insofar as it dismissed plaintiffs' claim that defendants violated the FDCPA by sending plaintiffs a collection notice stating their "current balance" without disclosing that the balance might increase over time due to interest and fees. For the reasons given in the accompanying summary order, we AFFIRM the judgment of the district court insofar as it dismissed plaintiffs' other claims.

---

of $——. This balance will continue to accrue interest after [date] at a rate of $—— – per [day/week/month/year]." 755 F. Supp. 2d at 397 n.7.

12