15-3681-cv
Llewellyn v. Asset Acceptance, LLC and Monarch Recovery Management, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of October, two thousand sixteen.

PRESENT: GERARD E. LYNCH,
 CHRISTOPHER F. DRONEY,
  *Circuit Judges*,
 CHRISTINA REISS,*
  *Chief District Judge.*

------------------------------------------------------------------------

NICOLE LLEWELLYN,
  *Plaintiff-Appellant*,

v.  15-3681-cv

ASSET ACCEPTANCE, LLC, MONARCH
RECOVERY MANAGEMENT, INC.
  *Defendants-Appellees*.

------------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:  Nicole Llewellyn, *pro se*, Yorktown Heights, New York.

FOR DEFENDANTS-APPELLEES:  Joseph A. Hess, Marshall Dennehey Warner Coleman & Goggin, New York, New York.

Appeal from a judgment of the Southern District of New York (Roman, *J.*).

---

*Chief Judge Christina Reiss, United States District Court for the District of Vermont, sitting by designation.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Nicole Llewellyn, proceeding *pro se*, appeals from the district court's grant of summary judgment dismissing her claims against a debt acquisition company, Asset Acceptance, LLC ("Asset"), and a debt collection agency, Monarch Recovery Management ("Monarch"). Llewellyn argued that the defendants violated the Fair Debt Collection Practices Act ("FDCPA"), Fair Credit Reporting Act ("FCRA"), New York General Business Law ("NYGBL") § 349, New York usury laws, and committed various torts by attempting to collect her credit card debt and reporting her failure to pay to credit reporting agencies. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's grant of summary judgment. *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126 (2d Cir. 2013) (per curiam). Summary judgment must be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When determining whether a genuine dispute exists, we must "resolve all ambiguities and draw all inferences against the moving party." *Garcia*, 706 F.3d at 127. A party cannot overcome summary judgment by relying on "mere speculation or conjecture as to the true nature of the facts" because "conclusory allegations or denials" cannot "create" genuine disputes of material fact "where none would otherwise exist." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (internal quotation marks omitted). When considering a cross-motion for summary judgment, we "must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *Hotel Emps. & Rest. Emps. Union, Local 100 of New York, N.Y. & Vicinity, AFL CIO v. City of New York Dep't of Parks & Recreation*, 311 F.3d 534, 543 (2d Cir. 2002) (internal quotation marks omitted).

2

The FDCPA, FCRA, and NYGBL § 349 all prohibit deceptive debt collection and reporting practices. *See generally Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52-53 (2007) (discussing FCRA); *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 74 (2d Cir. 2016) (discussing FDCPA); *Ovitz v. Bloomberg L.P.*, 18 N.Y.3d 753, 759-60 (2012) (discussing NYGBL § 349). Upon review, we conclude that the district court properly granted the defendants' cross-motion for summary judgment. Taken in the light most favorable to Llewellyn as the non-movant, the evidence at summary judgment shows that the defendants sought to collect a valid debt that Llewellyn owed to Asset. Consequently, Llewellyn's FDCPA, FCRA, and state law claims that relied exclusively on her arguments related to the ownership and validity of the debt were correctly dismissed.

The district court correctly concluded that Asset owns Llewellyn's debt. Citibank N.A. originally owned Llewellyn's debt. Llewellyn's account statement clearly identified Citibank N.A. as the entity that issued her credit card, and a credit card issuer "owns" debt incurred on the credit card that it issued. Defendants presented uncontroverted evidence that Citibank N.A. sold Llewellyn's debt to Asset. *See* Appellees' Supp. App'x at 87-104, 106, 108-12.

Contrary to Llewellyn's contention, the evidence presented at summary judgment shows that Citibank N.A. did not agree to transfer all of its defaulted credit card accounts to the Citibank Trust. *See* Appellant's App'x at 153-55. Llewellyn has not provided any evidence creating a genuine dispute that her debt was sold to the Citibank Trust. The district court correctly determined that there was no genuine issue of material fact as to Asset's valid ownership of the debt.

Llewellyn's challenges to the validity of the underlying debt are also unavailing. Under New York law, an annual interest rate that exceeds 16 percent is usurious. *See* N.Y. Gen. Oblig. Law § 5-501; N.Y. Comp. Codes R. & Regs. tit. 3, § 4.1 (setting maximum permissible interest

rates under § 5-501). Citibank N.A. is a national bank subject to the National Banking Act, which allows national banks to charge interest at the rate allowed by the state in which the bank is located. *See* 12 U.S.C. § 85; Appellees' Supp. App'x at 90, § 3.1. Citibank N.A. is located in South Dakota, and so New York usury law does not apply. The New York usury statutes do apply to defendants, *see Madden v. Midland Funding, LLC*, 786 F.3d 246, 251 (2d Cir. 2015), but the district court properly determined that neither defendant charged her usurious interest on her post-default debt. The 25.99 percent annual interest rate charged on her pre-default debt by a national bank did not violate New York usury law and therefore does not undermine the validity of the debt now being collected. The district court correctly concluded that there was no violation of New York law that invalidated the debt.

Likewise, Llewellyn's claims under NYGBL § 349 fail. To state a prima facie case under NYGBL § 349, a plaintiff must allege that the defendant(s) "engag[ed] in an act or practice that is deceptive or misleading in a material way and that [she] has been injured by reason thereof." *Ovitz*, 18 N.Y.3d at 759 (emphasis omitted) (internal quotation marks omitted). For the reasons discussed above, Llewellyn failed to show either of these requisite elements.

The district court also properly dismissed Llewellyn's FDCPA claim for failure to validate her debt. Under the FDCPA, a request for validation of a debt must be made within 30 days of receiving the debt collection notice; otherwise, the duty to validate is not triggered. 15 U.S.C. § 1692g(b); *see Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 89 (2d Cir. 2008). Here, Llewellyn received Monarch's collection letter in January but did not request validation until April. Consequently, the defendants were under no duty to validate her debt and could demand immediate payment. *See Jacobson*, 516 F.3d at 89. Llewellyn's other claims under the FDCPA were also correctly dismissed by the district court for the reasons discussed above.

4

We have considered Llewellyn's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk