18-2208
Taubenfliegel v. EGS Financial Care, Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of April, two thousand nineteen.

PRESENT:  DENNIS JACOBS,
          REENA RAGGI,
          GERARD E. LYNCH,
               <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - -X
MENACHEM TAUBENFLIEGEL,
individually and on behalf of others
similarly situated,
               <u>Plaintiff-Appellant</u>,

               v.                                              18-2208

EGS FINANCIAL CARE, INC.,
               <u>Defendant-Appellee</u>.
- - - - - - - - - - - - - - - - - -X

1

FOR APPELLANT:                              Adam J. Fishbein, Adam J. Fishbein,
                                            P.C., Woodmere, NY.

FOR APPELLEE:                               Geoffrey Young, Reed Smith LLP,
                                            New York, NY (Aaron R. Easley,
                                            Sessions, Fishman, Nathan & Israel
                                            L.L.C., Flemington, NJ, on the brief).

Appeal from a judgment of the United States District Court for the Eastern District of New York (Ross, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court entered on June 25, 2018 is **AFFIRMED**.

Menachem Taubenfliegel appeals from a judgment of the United States District Court for the Eastern District of New York (Ross, J.) dismissing his complaint for failure to state a claim upon which relief can be granted. Taubenfliegel alleges that EGS Financial Care, Inc. ("EGS") violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., by sending inaccurate and misleading debt collection letters.   We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

EGS sent Taubenfliegel a collection letter that listed his total debt balance and stated that his "account balance may be periodically increased due to the addition of accrued interest or other charges as provided in [his] agreement with the original creditor or as otherwise provided by state law."   App. 15.

The FDCPA prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."   15 U.S.C. § 1692e.   The Act further requires specific disclosures by a debt collector within five days after an initial communication with a consumer, including "the amount of the debt." Id. § 1692g(a)(1).   Taubenfliegel alleges that the collection letter is misleading and fails to state the amount of debt, in violation of §§ 1692e and 1692g, because,

2

inter alia, it fails to inform consumers "whether the amount listed is the actual amount of the debt due" and "whether the account balance listed will increase," and fails to provide details regarding the "accrued interest" or "other charges" that may increase the balance in the future. Compl. ¶¶ 21-37.

We review de novo a grant of a motion to dismiss. Hart v. FCI Lender Servs., Inc., 797 F.3d 219, 223 (2d Cir. 2015). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We "accept as true all of the allegations contained in a complaint," though "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

In determining whether a collection notice violates the FDCPA, "we are guided by two principles of statutory construction." Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 75 (2d Cir. 2016). First, the Act must be construed liberally to effectuate its stated purpose. Id. Second, collection notices are to be looked at from the perspective of the "least sophisticated consumer." Id. Pursuant to this standard, "a collection notice can be misleading if it is open to more than one reasonable interpretation, at least one of which is inaccurate." Id. (internal quotation marks omitted).

Section 1692e of the FDCPA "requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees." Id. at 76. No specific language is required, but in order to comply with § 1692e, a debt collection letter must "either accurately inform[] the consumer that the amount of the debt stated in the letter will increase over time, or clearly state[] that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date." Id. at 77. EGS's letter advises that the debt may increase over time, and therefore satisfies the requirements of § 1692e. Kolbasyuk v. Capital Mgmt. Servs., LP, --- F.3d ----, 2019 WL 1119191, at *4 (2d Cir. Mar. 12, 2019).

Taubenfliegel argues that the collection letter violated § 1692g because it failed to provide enough information to allow the least sophisticated consumer to determine the amount owed as of the date of the letter, the amount that must be paid to resolve the debt at any given moment in the future, and the details of fees and interest that will cause the balance to increase over time. But his argument is foreclosed by Kolbasyuk, in which we explained that § 1692g(a) requires a statement of "the total, present quantity of money that the consumer is obligated to pay." Id. at *2. EGS's letter stated Taubenfliegel's total debt balance as of the date the letter was sent, and "[n]othing in Section 1692g required [EGS] to inform [Taubenfliegel] of the constituent components of that debt or the precise rates by which it might later increase." Id. EGS's letter therefore complied with § 1692g.

As detailed in Kolbasyuk, our decision in Carlin v. Davidson Fink, LLP, 852 F.3d 207 (2d Cir. 2017), is inapposite. See Kolbasyuk, 2019 WL 1119191, at *3. Carlin held that an initial debt collection letter inadequately discloses the amount of the debt if it contains a payoff statement that includes unaccrued fees and interest, unless it allows the customer to determine the minimum amount owed at the time of the notice and an explanation of the fees that will cause the balance to increase. 852 F.3d at 216. In other words, an estimated amount of debt owed is not an accurate reflection of the "amount of the debt" if it includes fees and interest not yet owed. See id. at 215-16.

EGS's letter did not contain a payoff statement estimating potential future charges. It stated the actual total amount due as of the date of mailing, and further informed Taubenfliegel that the amount may increase due to interest and fees. Because the total debt balance did not include unaccrued interest and fees, the letter accurately stated the "amount of the debt." Accordingly, Taubenfliegel's § 1692g claim fails as a matter of law.

4

We have considered Taubenfliegel's remaining arguments and find them to be without merit.   For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK