*Cortez v. Forster & Garbus, LLP*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term 2020

(Argued: January 28, 2021        Decided: June 4, 2021)

No. 20-1134

_____

CRISTIAN D. CORTEZ

*Plaintiff-Appellee,*

v.

FORSTER & GARBUS, LLP

*Defendant-Appellant.*

_____

Before:        LIVINGSTON, *Chief Judge*, CABRANES, and LYNCH, *Circuit Judges.*

In *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016), we held that the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e, requires "debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees." This appeal requires us to clarify whether *Avila*'s disclosure requirement applies to collection notices that extend offers to settle outstanding debt. We hold that it does not. Accordingly, the judgment of the United States District Court for the Eastern District of New York is **REVERSED**.

1

FOR PLAINTIFF-APPELLEE:        DAVID M. BARSHAY, Craig B. Sanders, *on the brief*, Barshay Sanders PLLC, Garden City, New York, *for Cristian D. Cortez.*

FOR DEFENDANT-APPELLANT:        ROBERT L. ARLEO, New York, New York, *for Forster & Garbus, LLP.*

DEBRA ANN LIVINGSTON, *Chief Judge*:

The Fair Debt Collection Practices Act ("FDCPA") prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. In *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72 (2d Cir. 2016), we held this provision to require "debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees." *Id.* at 76. This appeal requires us to clarify whether this disclosure requirement applies to collection notices that extend offers to settle outstanding debt. We hold that it does not. Consequently, we **REVERSE** and **REMAND** with directions to enter summary judgment in favor of Defendant Forster & Garbus, LLP.

## BACKGROUND

Plaintiff Cristian D. Cortez incurred credit card debt to Discover Bank. Discover Bank placed Cortez's debt with Forster & Garbus for collection. In

2

2011, Forster & Garbus filed a collection action in New York state court and obtained a default judgment. Over the years, Forster & Garbus mailed Cortez a number of collection notices.

In one such notice dated February 2, 2017, Forster & Garbus indicated that Cortez's debt balance at that time was $13,457.65 and stated in relevant part:

> This office has been authorized to advise you that a settlement of the above account can be arranged. You are being offered a substantial discount off the current balance due. You may choose one of the three payment options as follows:
>
> A. One payment of $5,383.06, which we shall expect by February 24, 2017.
>
> B. Two payments of $3,364.42 each, totaling $6,728.84, which we shall expect by February 24, 2017, and March 24, 2017.
>
> C. Three payments of $2,691.53 each, totaling $8,074.59, which we shall expect by February 24, 2017, March 24, 2017, and April 24, 2017.
>
> Please note that we are not obligated to repeat this offer.
>
> Please return the bottom portion of this letter with your selection checked to confirm your settlement choice. If you are unable to take advantage of the above settlement opportunities, please contact this office so that we may arrange a payment plan on the account.

Joint App'x at 19. Cortez sued Forster & Garbus, claiming that this notice, by failing to disclose that interest was continuing to accrue on his balance, violated the FDCPA as interpreted by *Avila.*

Forster & Garbus moved for summary judgment, which the United States District Court for the Eastern District of New York (Block, *J.*) denied in a memorandum and order dated June 12, 2019. *See Cortez v. Forster & Garbus, LLP*, 382 F. Supp. 3d 259 (E.D.N.Y. 2019). The district court observed that the February 2 notice did not state whether interest and fees were accruing on Cortez's account even though *Avila* mandated that "debt collectors, when they notify consumers of their account balance," must "disclose that the balance may increase due to interest and fees." *Id.* at 261 (quoting *Avila*, 817 F.3d at 76). Forster & Garbus argued that the notice did not violate Section 1692e because under *Avila*, "a debt collector will not be subject to liability" under the FDCPA if it makes a settlement offer "clearly stat[ing] that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date," 817 F.3d at 77; the district court read *Avila* to require that such a settlement offer must nevertheless be accompanied by a disclosure of whether interest would continue to accrue if the debtor "do[es] not make the

4

payment by the specified date." *Cortez*, 382 F. Supp. 3d at 261. In any event, the district court found it "debatable" whether the February 2 notice clearly stated that the specified amounts in the notice would fully satisfy Cortez's debt if made by the specified date. *Id.* at 262. The district court further decided that "because there are no genuine issues of material fact and [Forster & Garbus] has had adequate opportunity to develop and present its case," it would enter "summary judgment on the issue of liability in favor of [Cortez]." *Id.* (internal quotation marks omitted).

Forster & Garbus unsuccessfully moved for reconsideration, *Cortez v. Forster & Garbus, LLP*, No. 17-cv-06501, 2020 WL 1083680, at *1 (E.D.N.Y. Mar. 6, 2020), judgment in favor of Cortez entered March 6, 2020, and Forster & Garbus timely appealed the district court's grant of summary judgment for Cortez.

## DISCUSSION

"We review a grant of summary judgment *de novo*, examining the evidence in the light most favorable to, and drawing all inferences in favor of, the non-movant." *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 50 (2d Cir. 2018) (quoting *Blackman v. N.Y.C. Transit Auth.*, 491 F.3d 95, 98 (2d Cir. 2007) (per curiam)). Summary judgment is appropriate only when "there is no genuine

5

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## I

The FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, and, among other things, prohibits debt collectors from making any "false representation of the character, amount, or legal status of any debt," *id.* § 1692e(2)(A). To determine whether a debt collection notice violates these provisions, we employ the least sophisticated consumer standard, according to which a notice is deceptive or misleading if it is "open to more than one reasonable interpretation, at least one of which is inaccurate." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993).[1]

In *Avila*, we held that a collection notice that states a debtor's current balance but does not disclose whether interest and fees are accruing is

---

[1] "This objective standard is designed to protect all consumers, 'the gullible as well as the shrewd,' while at the same time protecting debt collectors from liability for 'bizarre or idiosyncratic interpretations of collection notices.'" *Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 236 (2d Cir. 1998) (quoting *Clomon*, 988 F.2d at 1318, 1320); *see also Clomon*, 988 F.2d at 1319 ("[C]ourts have consistently applied the least-sophisticated-consumer standard in a manner that protects debt collectors against liability for unreasonable misinterpretations of collection notices.").

"misleading within the meaning of Section 1692e" because "[a] reasonable consumer could read the notice and be misled into believing that she could pay her debt in full by paying the amount listed on the notice" when, in fact, "if interest is accruing daily, or if there are undisclosed late fees, a consumer who pays the 'current balance' stated on the notice will not know whether the debt has been paid in full."   817 F.3d at 76.   Consequently, we held "that the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees."   *Id.*

However, we proceeded to explain that

> a debt collector will not be subject to liability under Section 1692e for failing to disclose that the consumer's balance may increase due to interest and fees if the collection notice either [1] accurately informs the consumer that the amount of the debt stated in the letter will increase over time, or [2] clearly states that the holder of the debt will accept payment in the amount set forth in full satisfaction of the debt if payment is made by a specified date.

*Id.* at 77.   Together, these two disclosure options, or safe harbors, fully address the concern we articulated in *Avila* that a debtor might remit the listed balance without realizing that she has not fully paid off her debt.   The first disclosure option contemplates debt collectors informing debtors that paying the specified

7

amount *will not* satisfy the debt. *See, e.g.*, *Kolbasyuk v. Capital Mgmt. Servs., LP*, 918 F.3d 236, 242 (2d Cir. 2019). The second disclosure option contemplates collectors informing debtors that paying the specified amount *will* satisfy the debt. When apprised of either of these two disclosures, no debtor reasonably could be unaware of the effect payment of the balance specified in the notice would have on her outstanding debt.

## II

We reaffirm *Avila*'s holding that a debt collector "will not be subject to liability under Section 1692e for failing to disclose" in a collection notice whether an account is accruing interest and fees so long as the notice "clearly states that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date." 817 F.3d at 77. Such collection notices do not present the risk that a debtor might pay the listed balance only to find herself still owing more. Payment of an amount that the collector indicates will fully satisfy a debt excludes the possibility of further debt to pay.

Our decision in *Taylor v. Financial Recovery Services, Inc.*, 886 F.3d 212 (2d Cir. 2018), is instructive. There, debtors whose balances were static sued their

8

debt collector, Financial Recovery Services ("FRS"), under the FDCPA for failing to disclose that interest and fees were *not* accruing on their accounts. They argued that under *Avila*, "a debt collector commits a per se violation of Section 1692e whenever it fails to disclose whether interest or fees are accruing on a debt." *Id.* at 214. We disagreed. While in *Avila* the collection notice's implication that payment of the outstanding balance would fully satisfy the debt was "prejudicially misleading," in *Taylor* "prompt payment of the amounts stated in [plaintiffs'] notices *would* have satisfied their debts." *Id.* (emphasis in original). For this reason, we held that FRS's notices to plaintiffs, which stated their respective balances without disclosing that interest and fees were not accruing on their accounts, did not violate the FDCPA. *Id.*; *see also Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 949 (7th Cir. 2004) (Posner, *J.*) ("If the debt collector is trying to collect only the amount due on the date the letter is sent, then he complies with the Act by stating the 'balance' due . . . and asking the recipient to remit the balance listed — and stopping there[.]"). This reasoning extends to a collection notice proposing to accept a specified amount in full satisfaction of a debt. As with debtors faced with a collection notice for a static debt, who are not prejudicially misled by the collector's failure to disclose

9

that interest is *not* accruing, debtors faced with a settlement offer are not misled by the failure to disclose that interest *is* accruing because in both situations, payment of the amount indicated in a collection notice would extinguish the debt.

Nevertheless, here the district court held that debt collectors extending offers of full satisfaction must also "advise consumers that their debt [is] still accruing interest and/or fees." *Cortez*, 382 F. Supp. 3d at 261. In doing so, the court was drawn to our suggestion in *Avila* that

> a debt collector who is willing to accept a specified amount in full satisfaction of the debt if payment is made by a specific date could considerably simplify the consumer's understanding by so stating, while advising that the amount due would increase by the accrual of additional interest or fees if payment is not received by that date.

*Id.* (quoting *Avila*, 817 F.3d at 77).

However, *Avila* held only that a debt collector must "*either*" disclose that interest and fees continue to accrue "*or*" offer to extinguish the debt in exchange for a specified payment. 817 F.3d at 77 (emphasis added). *Avila*'s use of a precatory word to suggest that a debt collector "could" simultaneously avail itself of both safe harbors is consistent with the conclusion, explained above, that

10

either disclosure option alone dispels the risk of a collection notice misleading a debtor about the effect paying the specified amount would have on the outstanding debt.

The district court was concerned that a settlement offer from a debt collector could mislead the debtor if the offer set forth a payment deadline but failed to disclose whether interest or fees would accrue if payment were tendered *after* the deadline. The least sophisticated consumer, it reasoned, could interpret such an offer "as implying *either* that interest and/or fees would accrue after that date *or* that the balance will stay the same after that date." *Cortez*, 382 F. Supp. 3d at 262 (emphasis in original). We disagree that, to the extent such a settlement offer is ambiguous along the lines suggested by the district court, a collection notice containing it would be rendered misleading under Section 1692e. For one thing, as we have already explained, *Avila* expressly held that a debt collector clearly extending an offer of full satisfaction if payment is made by a specified date is not "subject to liability under Section 1692e for failing to disclose that the consumer's balance may increase due to interest and fees[.]" 817 F.3d at 77. But more generally, Section 1692e does not require that a collection notice anticipate every potential collateral consequence that could arise

11

in connection with the payment or nonpayment of a debt. *See, e.g.*, *Altman v. J.C. Christensen & Assocs., Inc.*, 786 F.3d 191, 194 (2d Cir. 2015) (settlement offer that did not factor potential tax liability into stated discount was not misleading); *Taylor*, 886 F.3d at 215 ("[C]ollection notice that fails to disclose that interest and fees are not currently accruing on a debt is not misleading[.]"). Instead, the FDCPA merely requires that a collection notice, *by its terms*, not be susceptible of a reasonable but inaccurate interpretation. *See Clomon*, 988 F.2d at 1319. Therefore, a settlement offer need not enumerate the consequences of failing to meet its deadline or rejecting it outright so long as it clearly and accurately informs a debtor that payment of a specified sum by a specified date will satisfy the debt.

## III

With these principles in mind, we hold that Forster & Garbus's February 2 notice to Cortez did not violate Section 1692e because it extended a settlement offer that, if accepted through payment of the specified amount(s) by the specified date(s), would have cleared Cortez's account. The district court found it "debatable" that the notice "'clearly state[d] that [the defendant would] accept payment of the amount set forth in full satisfaction of the debt if payment is

made by a specific date'" because the notice "[did] not state explicitly that the debt will be discharged *fully* upon receipt of payment." *Cortez*, 382 F. Supp. 3d at 262 (alterations and emphasis in original) (quoting *Avila*, 817 F.3d at 77). However, the notice extended three "settlement choice[s]," each affording a "substantial discount off the current balance due," Joint App'x at 19, unmistakably communicating that acceptance of one of the options would extinguish Cortez's debt. We therefore conclude that, even when viewed from the perspective of the least sophisticated consumer, the February 2 notice could only reasonably be read one way: as extending an offer to clear the outstanding debt upon payment of the specified amount(s) by the specified date(s). Since this sole reasonable interpretation was accurate, the notice did not violate the FDCPA.

## CONCLUSION

For these reasons, we **REVERSE** and **REMAND** with directions to enter judgment in favor of Defendant Forster & Garbus, LLP.

13