Calabresi, Circuit Judge:
Section 1692e of the Fair Debt Collection Practices Act makes it unlawful for a debt collector to "use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. This case asks whether it is misleading within the meaning of Section 1692e for a debt collection letter to state the amount of a debt without disclosing that the debt, which once accrued interest or fees, no longer does so. We hold that such a notice complies with Section 1692e and affirm the May 19, 2017 judgment of the district court.
I.
Christine M. Taylor and Christina Klein are New York residents who fell into credit card debt with Barclays Bank. After they defaulted on their payments to Barclays, the bank placed their debts with Financial Recovery Services, Inc. ("FRS"), a collection agent, which the bank instructed not to accrue interest or fees on the debts. FRS thereafter sent a series of collection notices to Taylor and Klein. Each notice to Taylor stated an identical "balance due" of $599.98. J.A. 137-142. The notices to Klein likewise all stated an unchanging "balance due," in her case $3,171.12. J.A. 36-43. None of the notices, however, included any statement addressing whether those balances were accruing interest or fees. Neither Taylor nor Klein made any payments to FRS in connection with their debts prior to filing individually for Chapter 7 bankruptcy, at which point FRS closed their accounts.
On June 20, 2016, Taylor and Klein brought suit against FRS in the United States District Court for the Southern District of New York, alleging that its collection notices were "false, deceptive, or misleading" within the meaning of Section 1692e of the FDCPA. In making this argument, Taylor and Klein relied heavily on our decision in Avila v. Riexinger & Associates, LLC , 817 F.3d 72, 77 (2d Cir. 2016), where we held that a debt collector violates the FDCPA by stating the "current balance" of a consumer's debt without disclosing that the balance is increasing due to the accrual of interest or fees.
During discovery, FRS produced unrebutted evidence that neither Taylor's nor Klein's debt had accrued interest or fees during the time those debts were placed with the company. FRS then moved for summary judgment, arguing that, in stating the amount of Taylor and Klein's debts, it was not obligated to add explicitly that no interest or fees were accruing.
The district court agreed and, on May 19, 2017, entered judgment in favor of FRS. Taylor and Klein filed this appeal the same day.
II.
In determining whether a collection notice violates Section 1692e, "we are guided by two principles of statutory construction." Avila , 817 F.3d at 75. The first *214 principle is that the FDCPA must be construed liberally to effectuate its stated purpose-i.e., "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).
The second principle is that collection notices are to be looked at from the perspective of the "least sophisticated consumer." Avila , 817 F.3d at 75. That is, "we ask how the least sophisticated consumer-one not having the astuteness of a Philadelphia lawyer or even the sophistication of the average, everyday, common consumer-would understand the collection notice." Id. (internal quotation marks omitted). Pursuant to this standard, "a collection notice can be misleading if it is open to more than one reasonable interpretation, at least one of which is inaccurate." Id. (internal quotation marks omitted).
Taylor and Klein's primary argument is that FRS's collection notices were misleading within the meaning of Section 1692e because the least sophisticated consumer could have interpreted them to mean either that interest and fees on the debts in question were accruing or that they were not accruing. In effect, they argue that a debt collector commits a per se violation of Section 1692e whenever it fails to disclose whether interest or fees are accruing on a debt. Taylor and Klein contend that our holding in Avila supports them in this argument.
They are mistaken. In Avila , we found a collection notice to be misleading because "[a] reasonable consumer could read the notice and be misled into believing that she could pay her debt in full by paying the amount listed on the notice," whereas, in reality, such a payment would not settle the debt. Id. at 76. "The debt collector could still seek the interest and fees that accumulated after the notice was sent but before the balance was paid," as well as any interest or fees that accumulated thereafter. Id. This was no theoretical concern. One of the plaintiffs in Avila had paid the stated balance of her debt only to find herself still on the hook for an unpaid balance that was accumulating interest at the alarming rate of 500% per annum.
The collection notices FRS sent to Taylor and Klein, which stated their respective balances due without discussing interest or fees, could likewise have been read to mean that prompt payment of the amounts stated would satisfy the debts in question. The difference is that, while that message was prejudicially misleading on the facts of Avila , on the facts of this case it was accurate: prompt payment of the amounts stated in Taylor's and Klein's notices would have satisfied their debts.
Of course, being informed that their debts were not accruing interest or fees could have been advantageous to Taylor and Klein, as it would have alerted them to the fact that they could delay repayment without their debts increasing. Thus, the only harm that Taylor and Klein suggest a consumer might suffer by mistakenly believing that interest or fees are accruing on a debt is being led to think that there is a financial benefit to making repayment sooner rather than later. This supposed harm falls short of the obvious danger facing consumers in Avila .
It is hard to see how or where the FDCPA imposes a duty on debt collectors to encourage consumers to delay repayment of their debts. And requiring debt collectors to draw attention to the fact that a previously dynamic debt is now static might even create a perverse incentive for *215 them to continue accruing interest or fees on debts when they might not otherwise do so. Construing the FDCPA in light of its consumer protection purpose, we hold that a collection notice that fails to disclose that interest and fees are not currently accruing on a debt is not misleading within the meaning of Section 1692e.[1]
Taylor and Klein object that this interpretation of Section 1692e conflicts with our recent decision in Carlin v. Davidson Fink LLP , 852 F.3d 207 (2d Cir. 2017). That case concerned a debt collector's obligation under Section 1692g of the FDCPA to state "the amount of the debt" within five days of its initial communication with a consumer. 15 U.S.C. § 1692g. In Carlin , we explained that a collection notice fails to satisfy Section 1692g if "it omits information allowing the least sophisticated consumer to determine the minimum amount she owes at the time of the notice, what she will need to pay to resolve the debt at any given moment in the future, and an explanation of any fees and interest that will cause the balance to increase." 852 F.3d at 216.
Contrary to Taylor and Klein's objection, our decision today reads Sections 1692e and 1692g in harmony. That is, if a collection notice correctly states a consumer's balance without mentioning interest or fees, and no such interest or fees are accruing, then the notice will neither be misleading within the meaning of Section 1692e, nor fail to state accurately the amount of the debt under Section 1692g. If instead the notice contains no mention of interest or fees, and they are accruing, then the notice will run afoul of the requirements of both Section 1692e and Section 1692g.
III.
Taylor and Klein briefly raise two additional challenges to the district court's grant of summary judgment in favor of FRS, neither of which we find persuasive. They first argue that Barclays continued to accrue interest on their debts even after those debts were placed with FRS. If true, that would bring this case squarely within the ambit of Avila . But Taylor and Klein failed to create a genuine issue of fact in this regard before the district court, instead arguing that "whether the[ir] accounts were actually accruing interest and fees at the time they were with [FRS] is irrelevant." J.A. 362. They cannot escape summary judgment by changing tactics on appeal.
Taylor and Klein fare no better with their argument that FRS's notices were misleading because, even if Barclays did not accrue post-placement interest on their debts, it nonetheless retained the right to do so. Even if such a right existed, FRS's collection notices were not misleading because no interest or fees were being charged and Taylor and Klein could have satisfied their debts by making reasonably prompt payment of the amounts stated in the notices. In other words, the debts remained static long enough to permit Taylor and Klein to satisfy them through prompt repayment of their respective balances due, and, as we have already explained, failing to disclose that a debt is static is not misleading within the meaning of Section 1692e.
*216 The district court's May 19, 2017 grant of summary judgment in favor of FRS is AFFIRMED .

In so holding, we join the Seventh Circuit, which held: "If the debt collector is trying to collect only the amount due on the date the letter is sent, then he complies with the Act by stating the 'balance' due, stating that the creditor 'has assigned your delinquent account to our agency for collection,' and asking the recipient to remit the balance listed-and stopping there, without talk of the 'current' balance." Chuway v. Nat'l Action Fin. Serv. , Inc. , 362 F.3d 944, 949 (7th Cir. 2004).