Nath v. Select Portfolio Servicing, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of July, two thousand eighteen.

PRESENT:
> DENNIS JACOBS,
> REENA RAGGI,
> PETER W. HALL,
> > *Circuit Judges.*

_____

Prem Nath,

> *Plaintiff-Appellant*,

> v.                                                                 17-806

Select Portfolio Servicing, Inc., U.S. Bank, N.A., indentured trustee for C.S.F.B. trust 2002-np14, Locke Lord, LLP,

> *Defendants-Appellees*.

_____


FOR PLAINTIFF-APPELLANT:        Prem Nath, *pro se*, Orangeburg, NY.

FOR DEFENDANTS-APPELLEES:   Casey B. Howard (Samantha Ingram, *on the brief*), Locke Lord LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Karas, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.[1]

Appellant Prem Nath, *pro se*, appeals from a judgment in favor of Select Portfolio Servicing, Inc. ("SPS") (the servicer of his mortgage loan), U.S. Bank, N.A. ("U.S. Bank"), as indentured trustee for CSFB Trust 2002-NP14, (the trust in which his mortgage loan was pooled), and Locke Lord, LLP (the law firm representing SPS and U.S. Bank, collectively, "defendants"). Nath sued the defendants for alleged violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and 18 U.S.C. § 709. He also alleged various state law claims sounding in fraud.

Nath's claims stemmed from a state court foreclosure proceeding brought by U.S. Bank's predecessor in interest and a subsequent bankruptcy proceeding. The foreclosure proceeding was instituted in 2001, after Nath defaulted on his loan. In 2010, he entered into a settlement agreement and loan modification agreement with the then-holder of his note, LaSalle Bank ("LaSalle"). When he failed to comply with the terms of the settlement agreement, the state court entered a judgment of foreclosure against Nath. Nath then sought bankruptcy protection, and U.S. Bank, through SPS, filed a notice of claim based on the foreclosed mortgage. The bankruptcy judge granted summary judgment in favor of U.S. Bank and allowed the claim. Nath then filed the instant suit. The district court dismissed, concluding that Nath's claims were barred by the *Rooker-Feldman* doctrine, by claim and issue preclusion, and otherwise failed to state a claim. This appeal follows. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* dismissals for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and dismissals for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *Cayuga Nation v. Tanner*, 824 F.3d 321, 327 (2d Cir. 2016) (Rule 12(b)(1)); *Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015) (Rule 12(b)(6)). In reviewing a dismissal for failure to state a claim, we accept all factual allegations as true and draw all inferences in plaintiff's favor. *Biro*, 807 F.3d at 544. The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court must accept as true all the factual allegations in the complaint, that requirement is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere

---

[1] Nath's motion for sanctions is DENIED.

conclusory statements, do not suffice," and pleadings that "are no more than conclusions[] are not entitled to the assumption of truth."  *Id.* at 678–79.  "[W]e may affirm on any ground supported by the record."  *Freedom Holdings, Inc. v. Spitzer*, 408 F.3d 112, 114 (2d Cir. 2005) (internal quotation marks omitted).

## I.  Federal Claims

On appeal, Nath argues that he adequately pleaded violations of TILA, the FDCPA, and 18 U.S.C. § 709.  With respect to his TILA claim, Nath argues that the district court erred by concluding that his loan modification agreement was exempt from TILA's notice requirements.  He argues that the exemption for refinancing or consolidation applies only to agreements with the same creditor, and his loan modification agreement was with LaSalle, not the original creditor.  *See* 15 U.S.C. § 1635(e)(2); 12 C.F.R. § 226.23(f)(2).  However, Nath's TILA claim is foreclosed by the settlement agreement he entered into in state court, in which he stipulated that the loan modification agreement was not subject to federal laws concerning consumer mortgage transactions because it had the effect of lowering his principal balance.  He cannot here maintain otherwise.  *See New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001) (observing that "courts have uniformly recognized" that the purpose of judicial estoppel doctrine "is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment" and is intended "to prevent improper use of judicial machinery" (internal quotation marks omitted)).

With respect to his FDCPA claim, Nath argues that the district court erred in determining that none of the defendants were debt collectors within the meaning of 15 U.S.C. § 1692a(6) because SPS was a registered debt collector and courts have found foreclosure lawyers to be debt collectors.  The argument does not persuade because the only violation of the FDCPA Nath alleged was that Chase Manhattan Bank was falsely listed on the notice of foreclosure sale even though it was no longer an entity when the notice issued.  The bank's name, however, merely appeared in the caption for the foreclosure proceeding that resulted in the sale, which inclusion Nath fails plausibly to allege amounts to a "false, deceptive, or misleading representation . . . in connection with the collection of any debt," *id.* § 1692e, or could mislead the least sophisticated consumer, *see Taylor v. Fin. Recovery Servs., Inc.*, 886 F.3d 212, 214 (2d Cir. 2018).  Accordingly, Nath's FDCPA claim fails regardless of whether any defendants were debt collectors under the statute.

Finally, Nath asserts that the defendants' conduct violated 18 U.S.C. § 709.  We do not pursue the point because § 709 is a criminal statute, and no private right of action exists under criminal statutes absent an indication that Congress intended to create such a private

right of action, which is not present here. *See Cort v. Ash*, 422 U.S. 66, 79–80 (1975); *Alaji Salahuddin v. Alaji*, 232 F.3d 305, 307-08 (2d Cir. 2008). The same result obtains to the extent that Nath alleges the defendants violated federal criminal mail and wire fraud statutes. *See* 18 U.S.C. §§ 1341, 1343.[2]

## II. State Law Claims

Nath principally argues that the district court erred by concluding that his claims for monetary damages were barred under *Rooker-Feldman*. Under the *Rooker-Feldman* doctrine, federal courts lack subject matter jurisdiction over claims that effectively challenge state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486–87 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923). A claim is barred under *Rooker-Feldman* when (1) the federal court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites the federal court to review and reject that judgment; and (4) the state court judgment was rendered prior to the commencement of proceedings in the district court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

We agree that Nath's claims were not barred under *Rooker-Feldman*. The *Rooker-Feldman* doctrine does not prevent a district court from reviewing a claim for damages stemming from an allegedly fraudulently obtained foreclosure judgment: the district court can determine damages liability without reviewing the propriety of the state court judgment. *See Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427-28 (2d Cir. 2014) (per curiam); *see also id.* at 428 n.2 (citing favorably cases from other circuits holding that *Rooker-Feldman* does not preclude claims based on lack of standing and allegedly inauthentic evidence submitted by banks during foreclosure proceedings).

Even if *Rooker-Feldman* does not bar Nath's state claims for damages, the claims fail because they are pleaded conclusorily, and fail to allege cognizable causes of action.[3] *See Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (recognizing "[e]ven in a *pro se*

---

[2] To the extent Nath also alleges that the defendants violated various federal consent orders, he raises no specific argument in his brief regarding the district court's disposition of those claims, which we therefore deem abandoned. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-3 (2d Cir. 1995).

[3] On appeal, Nath does not challenge the district court's dismissal of his claim under New York Real Property Actions and Proceedings Law § 1404, and, accordingly, the claim is abandoned. *See LoSacco*, 71 F.3d at 92-93.

case," "mere conclusory statements[] do not suffice" to defeat a motion to dismiss (internal quotation marks omitted)). In alleging claims of fraud and other misdeeds by defendants in state and bankruptcy court in order to procure foreclosure of his property, Nath fails to plead the factual allegations necessary to "nudge[] [his] claims across the line from conceivable to plausible." *See Twombly*, 550 U.S. at 570; Fed. R. Civ. P. 8(a). Much less has he pleaded fraud with the heightened particularity required by Fed. R. Civ. P. 9(b). Accordingly, Nath's state law claims were properly dismissed.

We have considered Nath's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.[4]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[4] Appellant has filed a number of frivolous matters in this court, including the appeals docketed under 17-806-cv, 17-2019-cv, 17-1921-bk, and 17-1924-bk. Accordingly, Appellant is hereby warned that the continued filing of duplicative, vexatious, or clearly meritless appeals, motions, or other papers, will result in the imposition of a sanction, which may require Appellant to obtain permission from this Court prior to filing any further submissions in this Court. *See In re Martin-Trigona*, 9 F.3d 226, 229 (2d Cir. 1993); *Sassower v. Sansverie*, 885 F.2d 9, 11 (2d Cir. 1989).