18-3842-cv
*Gissendanner v. Enhanced Recovery Company, LLC*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of November, two thousand nineteen.

PRESENT: JOSÉ A. CABRANES,
REENA RAGGI,
*Circuit Judges*
EDWARD R. KORMAN,
*District Judge**

---

ANDREW GISSENDANNER,

        *Plaintiff-Appellant,*        18-3842-cv

        v.

ENHANCED RECOVERY COMPANY, LLC,

        *Defendant-Appellee.*

---

**FOR PLAINTIFF-APPELLANT:**          Glenn E. Pezzulo, Culler, Marks, Tanenbaum & Pezzulo, LLP; Alexander J. Douglas, Douglas Firm, P.C., Rochester, NY.

---

\* Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

**FOR DEFENDANT-APPELLEE:**          Christopher J. Martin, Christopher A. Priore, Wilson Elser Moskowitz Edelman & Dicker LLP, Albany, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Michael A. Telesca, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant, Andrew Gissendanner ("Plaintiff"), appeals from a December 7, 2018 judgment of the District Court (1) granting the Fed. R. Civ. P. 12(c) cross-motion for judgment on the pleadings of Defendant-Appellee, Enhanced Recovery Company, LLP ("Defendant"), in an action alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"); and (2) denying as moot Plaintiff's motion for class certification. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review a judgment under Federal Rule of Civil Procedure 12(c) *de novo*, accepting the complaint's factual allegations as true and drawing all reasonable inferences in the plaintiff's favor." *Kirkendall v. Halliburton, Inc.*, 707 F.3d 173, 178 (2d Cir. 2013). "The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Cleveland v. Caplaw Enters.,* 448 F.3d 518, 521 (2d Cir. 2006). After independently reviewing the record, and for the reasons stated below, we affirm the District Court's judgment.

### I.

Plaintiff primarily argues that the District Court erred in holding that Defendant had not made an actionable false, deceptive or misleading representation under the FDCPA, 15 U.S.C. § 1692e. The argument is defeated by *Cohen v. Rosicki, Rosicki & Assocs.*, *P.C.*, 897 F.3d 75 (2d Cir. 2018), which controls this appeal. Thus, we affirm the judgment of the District Court, albeit for reasons not expressly stated by the District Court. *See Latner v. Mount Sinai Health Sys., Inc*, 879 F.3d 52, 54 (2d Cir. 2018), *as amended* (Jan. 9, 2018) (explaining that appeals court may affirm for any reason supported by record).

Section 1692e of the FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Whether a collection letter is "false, deceptive, or misleading" under the FDCPA is determined from the perspective of the objective "least sophisticated consumer." *Clomon v. Jackson,* 988 F.2d 1314, 1318 (2d Cir. 1993) (internal quotation marks omitted). Under this standard, "collection notices can be deceptive if they are open to more than one reasonable interpretation, at

least one of which is inaccurate." *Id.* at 1319. However, "in crafting a norm that protects the naive and the credulous the courts have carefully preserved the concept of reasonableness." *Id.* Therefore, FDCPA liability "does not extend to every bizarre or idiosyncratic interpretation of a collection notice." *Id.* (internal quotation marks omitted). In applying the least-sophisticated-consumer standard, we do so mindful that "other courts have held that even the 'least sophisticated consumer' can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993).

We have also recently held that § 1692e incorporates a materiality requirement. *Cohen,* 897 F.3d at 85–86. Accordingly, "mere technical falsehoods that mislead no one are immaterial and consequently not actionable under § 1692e." *Id.* at 86 (internal quotations omitted). In contrast, "communications and practices that could mislead a putative-debtor as to the nature and legal status of the underlying debt, or that could impede a consumer's ability to respond to or dispute collection, violate the FDCPA." *Id.* (quoting *Gabriele v. Am. Home Mortg. Servicing, Inc.*, 503 F. App'x 89, 94 (2d Cir. 2012)).

Plaintiff argues that the Defendant's collection notice violates the FDCPA because it contained information that is "open to more than one reasonable interpretation, at least one of which is inaccurate." *Clomon,* 988 F.2d at 1318. Specifically, Plaintiff focuses on the following language printed in the header of the relevant debt collection notice: "Interest Accrued: N/A" and "Non-interest Charges & Fees: N/A." App. 12. Plaintiff contends that the least sophisticated consumer could reasonably interpret this information to mean either: (1) that the creditor removed the interest and fees from the underlying debt, which—according to Plaintiff's brief—is false; or (2) that the creditor has not added any additional interest to the debt after "placing the account in collections," which—in the present case—is indisputably true. Plaintiff's Brief at 10. For Plaintiff to prevail, he must clear two hurdles. First, both proffered interpretations must be reasonable. *See Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 75–76 (2d Cir. 2016). Second, the deception arising from such reasonable interpretations must be material. *See Cohen*, 897 F.3d at 85–86. Assuming, *arguendo*, that the text at issue here is subject to multiple reasonable interpretations, we conclude that the resulting arguable deception is immaterial and, thus, not actionable.

The District Court relied on *Taylor v. Financial Recovery Services., Inc.,* 886 F.3d 212 (2d Cir. 2018)*,* which provides relevant precedent here. In *Taylor*, we held that a debt collection notice that failed to mention interest was not misleading under Section 1692e where the interest was not actually accruing, and the debt amount was clearly stated. *Taylor,* 886 F.3d at 213–215. In so holding, we expressly considered the plaintiff's argument that the debt collection notices were misleading because the least sophisticated consumer could have interpreted the absence of any information regarding interest in the notices to mean either that interest on the debts was or was not accruing. *Id.* at 214. We recognized that plaintiffs were effectively arguing "that a debt collector commits a per se violation of Section 1692e whenever it fails to disclose whether interest or fees are accruing on a

3

debt." *Id. Taylor* rejected that argument because the only harm arising from the consumer's reasonably mistaken belief that interest was accruing on a static debt was not sufficiently serious to be actionable. *Id.*

Plaintiff argues that *Taylor* is not controlling because *Taylor* involved (1) an issue of interest on the *current* debt account, whereas the present allegation concerns bygone interest; and (2) a debt collection notice that did not mention interests or fees, whereas the present case does so by virtue of the "N/A" language cited above. These arguments are without merit. In light of *Taylor* and *Cohen*, we conclude that where the debt is static, it is immaterial whether the "N/A" language in this debt collection notice could be understood to mean that the underlying debt never accrued interest prior to placement in collections or that any accrued interest was forgiven, or to mean that the debt is not presently accruing interest in collections. Indeed, if the collection notice in *Taylor*—allegedly subject to multiple interpretations as to whether the *current debt* was accruing interest—was not actionable under Section 1692e, the information conveyed here, allegedly subject to multiple interpretations as to whether the *debt formerly* accrued interest, is surely not actionable.

## II.

In light of the foregoing conclusion, the District Court correctly dismissed Plaintiff's class certification motion as moot.

## CONCLUSION

We have reviewed all of the arguments raised by Plaintiff on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4