18-3107-cv
Dow v. Frontline Asset Strategies, LLC

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 4th day of November, two thousand nineteen.

Present:     ROSEMARY S. POOLER,
             MICHAEL H. PARK,
                      *Circuit Judges*,
             JENNIFER CHOE-GROVES,[1]
                      *Judge*.

_____

MARLYN DOW, on behalf of herself and all others similarly situated,

                      *Plaintiff-Appellant*,

              v.                                                      18-3107-cv

FRONTLINE ASSET STRATEGIES, LLC,

                      *Defendant-Appellee*.[*]

_____

Appearing for Appellant:     Benjamin J. Wolf (Joseph K. Jones, *on the brief*), Jones, Wolf & Kapasi, LLC, New York, N.Y.

Appearing for Appellee:      Jacob C. Cohn (Peter G. Siachos, *on the brief*), Gordon & Rees Scully Mansukhani LLP, Florham Park, N.J.

_____

[1] Judge Jennifer Choe-Groves, United States Court of International Trade, sitting by designation.
[*] The Clerk of Court is respectfully directed to amend the official caption as listed above.

Appeal from the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED**.

Appellant Marlyn Dow appeals from the September 24, 2018 order of the United States District Court for the Eastern District of New York (Feuerstein, *J.*), granting defendant Frontline Asset Strategies, LLC ("Frontline") judgment on the pleadings. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review the grant of a motion for judgment on the pleadings de novo, accepting the factual allegations in the complaint as true and drawing all reasonable inferences in favor of Dow. *See Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP*, 875 F.3d 128, 134 (2d Cir. 2017).

Section 1692e of the Fair Debt Collection Practices Act ("FDCPA") makes it unlawful for a debt collector to "use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Whether a collection notice violates this provision is an inquiry guided by two principles. *Taylor v. Fin. Recovery Servs., Inc.*, 886 F.3d 212, 213 (2d Cir. 2018). First, the FDCPA must be construed liberally to effectuate its consumer protection purpose. *Id*. at 214. Second, we must look at the relevant notices from the perspective of the least sophisticated consumer. *Id.*

While there is no question that the debt at issue was static, Dow argues that the collection notice Frontline sent is misleading in violation of the FDCPA because it could cause the least sophisticated consumer to erroneously believe that their debt is dynamic. Dow points to the fact that the letter (1) breaks out the interest and charges or fees accrued on the balance as separate line items, even though the amounts accrued explicitly reflect $0; and (2) uses the language "[a]s of the date of this letter, you owe $ [amount]." *See* App'x at 51.

We disagree. This Circuit has previously held that "a collection notice that fails to disclose that interest and fees are not currently accruing on a debt is not misleading within the meaning of Section 1692e." *Taylor*, 886 F.3d at 215. Dow attempts to distinguish *Taylor* on the basis that the notice here includes separate line items for the interest and charges or fees accrued on the balance. We do not find the notice to be misleading here given that these lines reflect $0 in interest or fees and charges had accrued. Nor does language such as "as of this date, you owe $____" change our calculus. This stock language is present in a number of collection notices, including those considered not misleading in *Taylor*. Because there is no other information relating to interest, fees, or charges in the notice—a fact alleged in Dow's complaint—we cannot say that the least sophisticated consumer would read the collection notice here as suggesting their debt is dynamic.

Two other considerations are relevant to our decision. First, as we noted in *Taylor*, collection notices that do not clarify a debt is static do not cause the type of harm that gives rise to a violation of the FDCPA. *Taylor*, 886 F.3d at 214. Second, requiring debt collectors to draw attention to the static nature of a debt could incentivize collectors to make debts dynamic instead

of static. *Id.* at 214-15. Thus, interpreting the FDCPA in light of its consumer protection goals further supports affirming the district court.

We have considered the remainder of Dow's arguments and find them to be without merit. Accordingly, the judgment hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk