NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3695
_____

LUIS DOTSON, individually and on behalf of those similarly situated,
Appellant

v.

NATIONWIDE CREDIT, INC., JOHN DOES 1 to 10
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-18-cv-16779)
District Judge:  Hon. Madeline C. Arleo
_____

Submitted Under Third Circuit LAR 34.1(a)
September 22, 2020

Before:   SMITH, *Chief Judge*, McKEE, and JORDAN, *Circuit Judges.*

(Opinion Filed:  September 28, 2020)
_____

OPINION*
_____

_____

    * This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Plaintiff Luis Dotson sued Defendant Nationwide Credit, Inc. ("NCI"), claiming that letters NCI sent him violated the Fair Debt Collection Practices Act ("FDCPA"). The District Court granted NCI's motion to dismiss, and Dotson now appeals. We will affirm.

## I.      BACKGROUND

Dotson had a credit card with Chase Bank USA, N.A. ("Chase"). He defaulted on the payments he owed on the credit card and therefore owed a debt to Chase. Chase assigned the debt to NCI, which in turn sent three collection letters to Plaintiff. Each one stated that "The Account Balance as of the date of this letter is shown above." (App. at 4.) We refer to this as "the Account Balance language." One of the letters also provided Dotson with two options for settling his debt. It said that he could pay the balance in a single payment or could settle by paying only a portion of the debt owed. Related to that second option, the letter said "If we settle this debt with you for less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or services, or may deny your application." (App. at 5.) We refer to this as "the Settlement Offer language."

Dotson sued NCI, arguing that the Account Balance language and the Settlement Offer language violate the FDCPA. NCI filed a motion to dismiss for failure to state a claim, and the District Court granted that motion.

This timely appeal followed.

## II.   DISCUSSION[1]

Dotson contends that the letters violated the FDCPA in two ways.  First, he says that the Account Balance language did not accurately disclose the amount he owed.  Second, he argues that both the Account Balance language and the Settlement Offer language are misleading and deceptive.  We disagree.

We first note the lens through which we are required to analyze the language of the letters at issue.  "Because the FDCPA is a remedial statute, we construe its language broadly, so as to effect its purpose[.]  Accordingly, … we have held that certain communications from lenders to debtors should be analyzed from the perspective of the 'least sophisticated debtor.'"  *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006) (citations omitted).  "The least sophisticated debtor standard requires more than simply examining whether particular language would deceive or mislead a reasonable debtor because a communication that would not deceive or mislead a reasonable debtor might still deceive or mislead the least sophisticated debtor."  *Id.* at 454 (citations and internal quotation marks omitted).  "[W]hile the least sophisticated debtor standard protects naive consumers, it also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care."  *Id.*

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291.  "We exercise plenary review over a district court's grant of a motion to dismiss pursuant to Rule 12(b)(6)."  *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012).

**A.     The Account Balance Language Accurately Disclosed the Amount Owed**

The District Court was correct that the Account Balance language accurately disclosed the amount Dotson owed.  Section 1692g of title 15 of the United States Code provides certain information that a debt collector must include in its written notice to a consumer, including "the amount of the debt[,]" 15 U.S.C. § 1692g(a)(1).

Dotson argues that the Account Balance language did not accurately convey the amount of the debt disclosed because, although the amount stated was indeed the amount Dotson owed to Chase, the language "as of the date of this letter" could confuse a consumer into believing that the amount of debt could change when in fact it was static.  Not so.  As the District Court concluded, that language "actually guards *against* potential confusion about the amount owed by clearly specifying the date on which the debt was calculated, preventing any misunderstanding that could arise if, for example, a payment crossed in the mail with the collection letter."  (App. at 7.)  Other courts have found similar language does not violate § 1692g.  *See Taylor v. Fin. Recovery Servs., Inc.*, 886 F.3d 212, 215 (2d Cir. 2018) ("[I]f a collection notice correctly states a consumer's balance without mentioning interest or fees, and no such interest or fees are accruing, then the notice will … [not] fail to state accurately the amount of the debt under Section 1692g.  If instead the notice contains no mention of interest or fees, and they *are* accruing, then the notice will run afoul of the requirements of … Section 1692g"); *Bartlett v. Heibl*, 128 F.3d 497, 501 (7th Cir. 1997) (providing "safe harbor" language for debt collectors including providing the account balance as of a certain date).

The Account Balance language appropriately and accurately conveyed the amount of the debt under § 1692g.

**B.** **The Account Balance Language and the Settlement Offer Language Are Not Misleading or Deceptive**

Neither the Account Balance language nor the Settlement Offer language are misleading or deceptive, although Dotson argues to the contrary, relying on 15 U.S.C. § 1692e(2), (5), and (10). Section 1692e states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Its subsections detail conduct that violates the statute. Section 1692e(2), for example, prohibits "[t]he false representation of … the character, amount, or legal status of any debt; or … any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." Section 1692e(5) prohibits "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." And, § 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." "A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Brown*, 464 F.3d at 455 (internal quotation marks and citations omitted).

The Account Balance language did not violate § 1692e for the same reasons it did not violate § 1692g. The language conveyed the amount of the debt, and the least sophisticated consumer would not be misled into believing that the static debt was changing. *See Taylor*, 886 F.3d at 215 (holding that a collection notice that states a debt

5

owed without mentioning interest or fees when no such interest or fees are accruing did not violate § 1692e for the same reasons it did not violate § 1692g).

The Settlement Offer language also did not violate § 1692e. Dotson argues that the least sophisticated consumer may be misled into paying the full amount based on a mistaken belief that Chase would deny credit or offer less favorable terms in the future if the consumer did not pay the full amount or that paying in full would improve the consumer's creditworthiness with Chase. He relies on *Brown*, in which we held that "a collection letter telling [a consumer] that unless [the consumer] made arrangements to pay within five days, the matter 'could' result in referral of the account to an attorney and 'could' result in 'a legal suit being filed'" was misleading because the complaint alleged that the debt collector "never intended to file a suit against [the consumer] for collection, never had any intention of referring [the] case to its attorney, and that as a matter of course, [the debt collector] does not 'refer class member's [sic] alleged debts to their attorney for prosecution, but only refer[s] the alleged debt(s) to another collection agency." 464 F.3d at 451, 455. Here, Dotson has not made cognizable allegations regarding whether, if at all, Chase's judgment about creditworthiness would be impacted by how the consumer chose to settle a debt. He does make some conclusory allegations,[2]

---

[2] Dotson notes that, in his Amended Complaint, he said "[o]n information and belief, Plaintiff's payment in full amount or upon settlement would not have enhanced their likelihood of obtaining Chase products or services, nor would it have improved their overall creditworthiness." (App. at 36.) That statement is conclusory and thus not entitled to any presumption of accuracy. *See Finkelman v. Nat'l Football League*, 810 F.3d 187, 202 (3d Cir. 2016) ("[W]e have been careful to note that, even at the pleading stage, we need not accept as true unsupported conclusions and unwarranted inferences." (citations and internal quotation marks omitted)). In a footnote in his reply brief, Dotson

but they amount to nothing more than speculation. There is no basis on which to say a consumer is at risk of being misled by the language.

## III. CONCLUSION

For the foregoing reasons, we will affirm the order of the District Court.

---

argues that, if we determine that his pleading is conclusory, we should remand to the District Court to determine whether Dotson should be entitled to leave to amend. Even assuming Dotson has not forfeited this argument by raising it for the first time in his reply brief, he has not articulated, before us or the District Court, what additional facts he would plead if given the opportunity to amend his complaint. *See In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002) (noting that amendment would be futile because plaintiffs had not specified before the district court or this Court any additional facts they would plead if given the opportunity to amend). On this record, the District Court did not err in dismissing Dotson's Amended Complaint without granting leave to amend.