**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1955

RANDY HOPKINS,
Individually and on behalf of those similarly situated,
Appellant

v.

COLLECTO, INC., dba EOS CCA; US ASSET
MANAGEMENT, INC.; JOHN DOES 1 TO 10
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C.  No. 2:19-cv-18661)
District Judge:  The Honorable William J. Martini
_____

Submitted under Third Circuit L.A.R. 34.1(a)
January 19, 2021

Before: SMITH, *Chief Judge*, HARDIMAN and ROTH,
*Circuit Judges*

(Filed April 12, 2021)

Yongmoon Kim
Evan W. Lehrer
Philip D. Stern
THE KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, NJ 07601
        *Counsel for Appellant*

Lawrence J. Bartel
Andrew M. Schwartz
GORDON REES SCULLY MANSUKHANI, LLP
Three Logan Square
1717 Arch Street, Suite 610
Philadelphia PA 19103
        *Counsel for Appellees*

Derick K. Sohn, Jr
CONSUMER FINANCIAL PROTECTION BUREAU
1700 G Street, N.W.
Washington DC 20552
        *Counsel for Amicus Appellee*

_____

OPINION OF THE COURT
_____

SMITH, *Chief Judge*.

Is there anything materially deceptive or misleading about a debt collection letter that accurately itemizes a debt as including "$0.00" in interest and fees when the debt cannot accrue interest and fees? To ask the question is essentially to answer it. Even our case law's hypothetical "least sophisticated consumer"—gullible though he may be—reads a debt collection letter without speculating about what could happen in the future based on true statements concerning the past. In other words, he is not a litigious claim-seeker who hunts, Lagotto-like, for truffles in dunning letters. The District Court properly dismissed the complaint, so we will affirm.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On behalf of US Asset Management, Inc. ("USAM"), Collecto, Inc. d/b/a EOS CCA ("Collecto") sent a letter to Randy Hopkins to collect on a debt that Hopkins initially owed to Verizon but which was later sold to USAM. The letter itemized Hopkins's debt in the following table:

| PRINCIPAL | INTEREST | FEES COLL. COSTS | BALANCE |
|---|---|---|---|
| $1,088.34 | $0.00 | $0.00 | $1,088.34 |
| | | TOTAL DUE: | $1,088.34 |

3

Compl. ¶ 23. The letter concluded that Hopkins owed $1,088.34 on the debt and offered to "resolve this debt in full" if he paid a reduced amount of $761.84. *Id.* at Ex. A.

Hopkins filed a putative class action complaint in the District of New Jersey against USAM and Collecto (and John Does), alleging that Collecto's letter violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Hopkins claimed that the debt could not or was not intended to accrue interest or collection fees. Hopkins alleged that by itemizing interest and collection fees for his "static debt" and by assigning a "$0.00" value to those columns, the letter's table falsely implied—in violation of § 1692e and § 1692f of the FDCPA—that interest and fees could accrue and thereby increase the amount of his debt over time. Compl. ¶¶ 24, 26, 29, 53; Appellant's Br. 12–13. According to Hopkins, consumers prioritize what debts to pay and, by suggesting that the debt might accrue interest and fees (when, in fact, it was static), the Collecto letter gave him the false impression that the debt needed to be prioritized.

Collecto and USAM moved to dismiss Hopkins's complaint for failure to state a claim.[1] The District Court dismissed Hopkins's complaint with prejudice, identifying as the "central issue" whether "Defendants' inclusion of language . . . stating

---

[1] USAM did not argue for dismissal based on its owning Hopkins's debt. As the Supreme Court held in *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718 (2017), an entity has to attempt to collect debts owed *to another* before it can qualify as a "debt collector" under the FDCPA. *Id.* at 1724–26.

that Plaintiff owed $0.00 in interest and $0.00 for fees or collection costs for a static debt violated the FDCPA." JA6.[2] Looking to a pair of decisions from the Second Circuit, *Dow v. Frontline Asset Strategies, LLC*, 783 F. App'x 75 (2d Cir. 2019), and *Taylor v. Financial Recovery Services, Inc.*, 886 F.3d 212 (2d Cir. 2018), the District Court held that Hopkins's complaint failed to plausibly allege that Collecto's debt itemization violated the FDCPA. It neither "leave[s] the least sophisticated consumer in doubt of the nature and legal status of the underlying debt" nor "impede[s] the consumer's ability to respond to or dispute collection." JA7. The District Court declined to require assurances by debt collectors that itemized amounts "will not change in the future," reasoning that doing so would lead to "complex and verbose debt collection letters" that would confuse consumers. *Id.*

## II. DISCUSSION

We review the District Court's dismissal of Hopkins's complaint de novo.[3] We accept the truth of all factual allegations in the complaint and draw all reasonable inferences in favor of Hopkins, the non-movant. *See, e.g.*, *Levins v. Healthcare Revenue Recovery Grp., LLC*, 902 F.3d 274, 278 n.1 (3d Cir. 2018).

---

[2] Citations preceded by "JA" are to the parties' Joint Appendix.

[3] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1337 to adjudicate claims arising under the FDCPA. We have jurisdiction under 28 U.S.C. § 1291 to review the judgment of the District Court dismissing Hopkins's complaint.

According to Hopkins, the itemized table in Collecto's letter denoting "$0.00" in interest and collection fees falsely implied that interest and collection fees were materially likely to accrue. And because the debt was static,[4] Hopkins contends that the letter violated the FDCPA's prohibition on deceptive (§ 1692e) and unfair or unconscionable (§ 1692f) means of collecting consumer debts. For two reasons, we are unconvinced.

*1. Recent decisions from other Circuits are to the contrary.* Ours is not the first court to be confronted with a claim similar to Hopkins's. For example, in *Degroot v. Client Services, Inc.*, 977 F.3d 656 (7th Cir. 2020), the Seventh Circuit held that a debt collection letter spoke only about the past and thus was not misleading about the future when it listed a debt as including $0.00 in interest and fees. *Id.* at 660–61. "[M]ere[ly] raising . . . an open question about future assessment of other charges," as the $0.00 itemization did, does not mislead the unsophisticated consumer. *See id.* at 661. Likewise, in *Salinas v. R.A. Rogers, Inc.*, 952 F.3d 680 (5th Cir. 2020), the Fifth Circuit analyzed a dunning letter "from the perspective of an unsophisticated or least sophisticated consumer" yet concluded that it did not violate the FDCPA. *Id.* at 683–84 & n.3. The letter listed $0.00 due in interest and fees, stating, "in the event there is interest or other charges accruing on your account, the amount due may be greater than the amount shown above after the date of this notice." *Id.* (cleaned up).

---

[4] For purposes of this appeal, we assume the truth of Hopkins's allegation that the debt was static. We do not decide whether any applicable laws or contract provisions precluded application of interest and fees to his debt.

Hopkins points out that such cases were decided under an "unsophisticated debtor" standard and maintains that the Third Circuit's "least sophisticated debtor" standard is more forgiving. The *least* sophisticated debtor, he posits, is less savvy than the merely unsophisticated debtor, and is thus plausibly misled or deceived about the nature of his static debt when a collection letter lists it as including $0.00 in interest and fees.

But our court's framework is functionally equivalent to the unsophisticated debtor standard on which claims like Hopkins's have foundered. We have described the "least sophisticated debtor" standard as "almost universally employed by Courts of Appeals in interpreting [the FDCPA]," even though we recognize variance in how the standard is worded. *Jensen v. Pressler & Pressler*, 791 F.3d 413, 419 & n.3 (3d Cir. 2015) (noting that it is "sometimes referred to as the 'least sophisticated consumer' or 'unsophisticated debtor' standard"). Among the authorities cited in *Jensen* as comprising this near "universal" consensus were cases decided under the "unsophisticated debtor" or "unsophisticated consumer" standard, including from the First, Fifth, and Seventh Circuits. *See, e.g.*, *Pollard v. Law Office of Mandy L. Spaulding*, 766 F.3d 98, 103 (1st Cir. 2014) ("[W]e hold that, for FDCPA purposes, a collection letter is to be viewed from the perspective of the hypothetical unsophisticated consumer."); *McMurray v. ProCollect, Inc.*, 687 F.3d 665, 669 (5th Cir. 2012) ("We must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard." (cleaned up)); *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645–46 (7th Cir. 2009) ("In deciding whether collection letters violate the FDCPA, we have consistently viewed them through the

eyes of the 'unsophisticated consumer.'" (citations omitted)). Our Circuit's word choice may invite an argument that our standard is less exacting than that of these Circuits. But we do, in fact, analyze FDCPA claims from a similar vantage. So we find the rationale of the Fifth Circuit in *Salinas* and Seventh Circuit in *Degroot* persuasive, and follow those decisions here because they were decided under a standard functionally identical to our own. We thus conclude that Collecto's letter to Hopkins did not violate the FDCPA by itemizing $0.00 in interest and fees on his static debt.

2. *We would affirm dismissal even if confined to least-sophisticated-debtor case law.* If, in applying the least sophisticated debtor standard, we were constrained to focus on a hypothetical debtor even less savvy than the "unsophisticated debtor," we would still affirm the District Court's dismissal of Hopkins's complaint. The least sophisticated debtor of our case law, though gullible, does not subscribe to "bizarre or idiosyncratic interpretations of collection notices." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354–55 (3d Cir. 2000) (citation omitted). Such naïve consumers are still deemed to possess a "quotient of reasonableness" consistent with "a basic level of understanding and willingness to read with care." *Id.* (citation omitted).

To begin with, the Second Circuit has rejected claims like Hopkins's under a "least sophisticated consumer" standard similar to our own. *See, e.g.*, *Taylor*, 886 F.3d at 214–15 (letters seeking to collect static debts that "stated their respective balances due without discussing interest or fees" were not misleading to "the least sophisticated consumer"); *Dow*, 783 F. App'x at 76–77 (dunning letter listing "interest and charges or fees accrued on the balance as separate line items, even though

8

the amounts accrued explicitly reflect $0," would not mislead "the least sophisticated consumer" into believing "their debt is dynamic"). Based on the identity of standards, the District Court justifiably relied on the reasoning of Second Circuit decisions to dismiss Hopkins's complaint.

At all events, certain assumptions are fundamental to our court's conception of the least sophisticated debtor. For example, even the least sophisticated debtor understands that collection letters—as reflected by their fonts, formatting, content, and fields—often derive from templates and may contain information not relevant to his or her particular situation. *See, e.g.*, *Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 300 (3d Cir. 2008) (noting how "frequent use of capital letters, exclamation points, and boldfaced type, as well as . . . bar-codes [and] a toll-free telephone number" suggest a mass-mailed communication). Hopkins himself alleged that Collecto's letter wasn't bespoke, but a "mass-produced, computer-generated form letter[]." Compl. ¶ 32. It did not even address him by name. To see $0.00 in each of the form letter's interest and fees columns, and yet fail to understand that they are inapplicable vestiges of a template letter, is to be callow to an "unrealistic and fanciful" degree. *Campuzano-Burgos*, 550 F.3d at 299. And yet, as Hopkins tells it, this same person is also shrewdly speculative—extrapolating that he or she needs to pay off the debt post haste because interest and penalties are materially likely to accrue in the future. *But see Reyes v. Associated Credit Servs.*, No. 19-cv-1670, 2020 WL 3642441, at *2–3 (M.D. Pa. July 6, 2020) (least sophisticated consumer would not interpret line itemizations of "Interest: $0.00" and "Fees: $0.00" as debt collector's threat to charge them in future). Our FDCPA case law does not support attrib-

9

uting to the least sophisticated debtor simultaneous naïveté and heightened discernment.

Were we for some reason constrained to consider only the law of Circuits that employ the word "least" in their FDCPA standards, we would still affirm.[5]

### III.    CONCLUSION

Hopkins's complaint fails to state a claim, whether our court's "least sophisticated debtor" standard is functionally the same as the "unsophisticated debtor" standard applied by other Circuits or is instead an independent and less demanding framework.  We will affirm the District Court's dismissal of Hopkins's complaint.

---

[5] The Consumer Financial Protection Bureau (CFPB) recently proposed detailed rules that seemingly condone itemizing interest and fees as Collecto did.  *See* 84 Fed. Reg. 23274 (May 21, 2019); *see also* 85 Fed. Reg. 12672 (Mar. 3, 2020) (supplemental notice).  Those proposed rules were issued in final form on January 19, 2021, and are slated to take effect on November 30, 2021.  *See* 86 Fed. Reg. 5766 (Jan. 19, 2021).  Under the pending rules, debt collectors must include in certain notices a table showing the interest, fees, payments, and credits that have been applied—even if *none* have actually been applied—to a consumer's debt since the itemization date.  84 Fed. Reg. at 23404 (proposed 12 C.F.R. § 1006.34(c)(2)(ix)); 86 Fed. Reg. at 5803–06.  And "a debt collector may indicate that the value of a required field is '0,' 'none,' or may state that no interest, fees, payments, or credits have been assessed or applied to the debt."  86 Fed. Reg. at 5807, 5860; *see also* 84 Fed. Reg. at 23415 (proposed comment 34(c)(2)(ix)-1).